UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
JOSE ALFREDO GONZALEZ TZAJ and JOAQUIN  :
ANTONIO PEÑA RIVERA,  :
  :
       Plaintiffs,  :
  :
    -against-  :     **COMPLAINT**
  :
1567 LEX CAFE CORP. d/b/a EFFY'S KITCHEN,  :
1688 YORK CAFÉ CORPORATION d/b/a EFFY'S  :
CAFÉ ON YORK, and SHLOMO ALKOBY,  :
  :
       Defendants.  :
-------------------------------------------------------------------- X

Plaintiffs Jose Alfredo Gonzalez Tzaj and Joaquin Antonio Peña Rivera (collectively, "Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of Defendants 1567 Lex Café Corp. d/b/a Effy's Kitchen, 1688 York Café Corporation d/b/a Effy's Café on York, and Shlomo Alkoby (collectively, "Defendants"), allege:

## NATURE OF THE COMPLAINT

1.     Plaintiffs worked for Defendants as cooks at Effy's Kitchen and Effy's Café on York, two Upper East Side restaurants specializing in Mediterranean Kosher cuisine. Throughout their employment, Defendants failed to pay Plaintiffs 1.5 times the applicable regular hourly rate for hours worked over forty per workweek. Moreover, Defendants failed to pay Plaintiffs spread-of-hours pay when their workdays spread across more than ten hours in a day and failed to provide them with statutorily required wage notices and accurate weekly wage statements.

2.     Plaintiffs bring this action to recover unpaid overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

**JURISDICTION**

3.      This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

**VENUE**

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because both restaurants where Plaintiffs were employed are located and operated by Defendants in the Southern District of New York and the acts and omissions giving rise to Plaintiffs' claims occurred in the Southern District of New York.

**THE PARTIES**

**Plaintiff Jose Alfredo Gonzalez Tzaj**

5.      Jose Alfredo Gonzalez Tzaj ("Gonzalez") resides in Queens County, New York.

6.      Defendants employed Gonzalez at Effy's Kitchen from July 7, 2018, through January 3, 2023.

**Plaintiff Joaquin Antonio Peña Rivera**

7.      Joaquin Antonio Peña Rivera ("Peña") resides in Queens County, New York.

8.      Defendants employed Peña at Effy's Kitchen from September 11, 2017, through March 2020 and at Effy's Café on York from August 2021 through December 10, 2022.

**Defendant 1567 Lex Café Corp. d/b/a Effy's Kitchen**

9.      Defendant 1567 Lex Café Corp. d/b/a Effy's Kitchen ("Effy's Kitchen") is a New York corporation that owns and operates the restaurant Effy's Kitchen, located at 1567 Lexington Avenue, New York, New York 10029.

10.      Effy's Kitchen is an "enterprise engaged in commerce" within the meaning of the FLSA.

11.      Effy's Kitchen has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12.      In the three years preceding the filing of this Complaint, Effy's Kitchen has had an annual gross volume of sales in excess of $500,000.

13.      Effy's Kitchen and Effy's Café on York were Plaintiffs' joint employers. Combined with Effy's Café on York, Effy's Kitchen has had an annual gross volume of sales within the last three years exceeding $500,000.

**Defendant 1688 York Café Corporation d/b/a Effy's Café on York**

14.      Defendant 1688 York Café Corporation d/b/a Effy's Café on York ("Effy's Café on York") is a New York corporation that owns and operates the restaurant Effy's Café on York, located at 1688 York Avenue, New York, New York 10128.

15.      Effy's Café on York is an "enterprise engaged in commerce" within the meaning of the FLSA.

16.      Effy's Café on York has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17.      In the three years preceding the filing of this Complaint, Effy's Café on York has had an annual gross volume of sales in excess of $500,000.

18.     Effy's Kitchen and Effy's Café on York were Plaintiffs' joint employers. Combined with Effy's Kitchen, Effy's Café on York has had an annual gross volume of sales within the last three years exceeding $500,000.

**Defendant Shlomo Alkoby**

19.     Defendant Shlomo Alkoby is an owner of Effy's Kitchen and Effy's Café on York.

20.     Alkoby is identified as the respective Agent for both Effy's Kitchen and Effy's Café on York on New York State's Division of Corporations entity filings website.

21.     Throughout Plaintiffs' employment, Alkoby held and exercised authority over personnel decisions at Effy's Kitchen and Effy's Café on York, including the authority to hire and fire employees, set employee wage rates, assign employees duties, and maintain employee pay records.

22.     Alkoby exercised sufficient control over Effy's Kitchen and Effy's Café on York's operations and the employment of Plaintiffs to be considered their "employer" under the FLSA and the NYLL.

**Effy's Kitchen and Effy's Café on York were Plaintiffs' Joint Employers**

23.     Defendants Effy's Kitchen and Effy's Café on York have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

24.     For example, both restaurants use the "Effy's" brand in their name.

25.     For example, Defendant Alkoby owns both entities and is listed as the corporate agent of both entities in their respective New York State Corporate filings.

26.     For example, both restaurants, along with a third Effy's restaurant not named in this complaint, use the email address "effys@gmail.com" to receive large orders, receive catering requests, and send out special event quotes.

27.     For example, Effy's Kitchen and Effy's Café on York both utilized the same vendors and would have orders of ingredients placed at the same time by the general manager of both locations, Khoi Nguyen.

28.     Further, Defendants routinely shared and interchanged employees between Effy's Kitchen, Effy's Café on York, and other restaurants owned by Defendant Alkoby.

29.     For example, Khoi Nguyen was the general manager of Effy's Kitchen and Effy's Café on York.  Nguyen splits his days between the two restaurants and has the authority at both locations to hire and fire employees, set their pay rate, distribute their wages, determine their schedules, and assign them responsibilities.  Nguyen hired and fired both Plaintiffs, set their rates of pay, distributed their wages, determined their schedules, and assigned them daily responsibilities.

30.     For example, Defendants transferred Plaintiff Peña from Effy's Kitchen to Effy's Café on York after a break in his employment caused by the COVID-19 crisis. When moved to Effy's Café on York, Peña performed the same basic job duties, was subject to the same employment policies, practices, and procedures, and was directed and/or permitted to perform work by the same individual without any retraining.

31.     For example, Plaintiff Gonzalez's brother, Victor Tzaj, who is employed by Defendants as a cook, is routinely assigned to work at Effy's Kitchen, Effy's Café on York, and another Upper East Side restaurant owned by Defendant Alkoby called Joy Burger ("Joy Burger") during the course of the week.  All the hours worked by Victor Tzaj in a

week, at the three locations, are paid out in one weekly wage payment, either in cash or in a single check.

32.     For example, Luis Tuc Tuc is employed by Defendants as a deliveryman and is routinely assigned to work at Effy's Kitchen, Effy's Café on York, and Joy Burger during the course of the week.  All the hours worked by Luis Tuc Tuc in a week, at the three locations, are paid out in one weekly wage payment, either in cash or in a single check.

33.     Despite operating under separate companies, Effy's Kitchen and Effy's Café on York operate as a single integrated enterprise that jointly employed Plaintiffs at their two Upper East Side restaurants.

34.     Section 3(d) of the FLSA defines an employer to "include any person acting, directly and indirectly, in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

35.     Throughout their employment, Plaintiffs acted on behalf of the single integrated enterprise involving Effy's Kitchen and Effy's Café on York who controlled where, when, and how Plaintiffs performed their daily work functions, and therefore the Plaintiffs were acting in the interest of Effy's Kitchen and Effy's Café on York.

36.     Under the FLSA, multiple "employers" may qualify as a "Joint Employer." The economic reality of Effy's Kitchen and Effy's Café on York's relationship with the Plaintiffs mandates that Effy's Kitchen and Effy's Café on York be treated as a Joint Employer.

## FACTUAL ALLEGATIONS

37.     Defendants failed to furnish Plaintiffs with a wage notice when hired or when their rates of pay changed.

38.     Defendants failed to furnish Plaintiffs with accurate wage statements with each payment of their wages throughout their employment.

39.     Throughout their employment, Defendants paid Plaintiffs in both cash and check with constant variation.  Plaintiffs were never given a reason for this alternating practice and why certain weeks were paid in cash and others in check.

40.     Defendants failed to pay Plaintiffs an extra hour's pay at the applicable minimum wage rate or higher when their shifts were spread across more than ten hours in a single day.

**Gonzalez's Hours and Pay**

41.     Gonzalez worked as a cook at Effy's Kitchen from July 7, 2018, through January 3, 2023, apart from a six-month break following the onset of the COVID-19 crisis.

42.     Throughout his employment, Gonzalez's schedule was from Wednesday through Sunday, from 10:00 a.m. to 9:00 p.m., for approximately fifty-five hours per workweek.

43.     From July 2018 through June 2019, Defendants paid Gonzalez $17.00 per hour for every hour worked, including those over forty in a workweek.

44.     From July 2019 through the end of his employment, Defendants paid Gonzalez $20.00 per hour for every hour worked, including those over forty in a workweek.

**Peña's Hours and Pay**

45.     Peña worked as a cook at Effy's Kitchen from September 11, 2017, through March 2020. After a break in his employment caused by the COVID-19 crisis, Peña worked at Effy's Café on York from August 2021 through December 10, 2022.

46.     Throughout his employment, Peña's schedule was from Wednesday through Sunday, from 8:00 a.m. to 9:00 p.m., for approximately sixty-five hours per workweek.

47.     From September 2017 through March 2019, Defendants paid Peña $17.00 per hour for every hour worked, including those over 40 in a workweek.

48.     From April 2019 through March 2020, Defendants paid Peña $21.00 per hour for every hour worked, including those over forty in a workweek.

49.     From August 2021 through the end of his employment, Defendants paid Peña $22.00 per hour for every hour worked, including those over forty in a workweek.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

50.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

51.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs.

52.     Defendants were required to pay Plaintiffs one and one-half (1½) times their regular hourly wage rate for all hours worked over forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

53.     Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the FLSA.

54.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

55.     As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime Wages)**

56.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

57.     Defendants are employers within the meaning of the NYLL §§ 190, 651(6), and supporting New York State Department of Labor ("NYDOL") regulations, including but not limited to 12 N.Y.C.R.R. Part 146, and employed Plaintiffs.

58.     Under the NYLL and supporting NYDOL regulations, Defendants were required to pay Plaintiffs one and one-half (1½) times their regular hourly wage rate for all hours worked over forty per workweek.

59.     Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL.

60.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

61.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Spread-of-Hours Pay)**

62.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

63.     Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146–1.6.

64.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### FOURTH CLAIM
### (WTPA – Failure to Provide Accurate Wage Statements)

65.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

66.     The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

67.     Defendants failed to furnish Plaintiffs, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

68.     Due to Defendants' violation of NYLL § 195(3), Plaintiffs are entitled to recover from Defendants statutory damages and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1–d).

### FIFTH CLAIM
### (WTPA – Failure to Provide Wage Notices)

69.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

70.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

71.     In violation of NYLL § 195(1), Defendants failed to furnish Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

72.    Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages and their reasonable attorneys' fees and costs incurred in this action pursuant to the NYLL § 198(1–b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

b.    declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

c.    declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

d.    declaring that Defendants' violations of the FLSA and the NYLL were willful;

e.    awarding Plaintiffs damages for unpaid overtime wages under the FLSA;

f.    awarding Plaintiffs damages for unpaid overtime wages and spread-of-hours pay under the NYLL;

g.    awarding Plaintiffs liquidated damages pursuant to the FLSA and NYLL;

h.      awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish them with a notice at the time of hiring, in violation of the WTPA;

i.      awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish them with accurate wage statements pursuant to the WTPA;

j.      awarding Plaintiffs pre- and post-judgment interest under the FLSA and the NYLL;

k.      awarding Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.      awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
        January 19, 2023

                                        PECHMAN LAW GROUP PLLC

                        By:

                                        Louis Pechman
                                        Christian Mercado
                                        Pechman Law Group PLLC
                                        488 Madison Avenue - 17th Floor
                                        New York, New York 10022
                                        (212) 583-9500
                                        pechman@pechmanlaw.com
                                        mercado@pechmanlaw.com

                                        *Attorneys for Plaintiffs*